## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

**MARILYN M. HILL**                                                   **PLAINTIFF**

**v.**                                            **CIVIL ACTION NO.: 2:23-cv-44-KS-MTP**

**SANDERSON FARMS, LLC**
**(PROCESSING DIVISION) and**
**JOHN DOE CORPORATIONS 1-5**                          **DEFENDANTS**

### ORDER

THIS MATTER is before the Court on the Motion to Exclude Testimony of Defendant Expert, Clyde Payne [44] filed by Plaintiff Marilyn M. Hill.  Having considered the Motion to Exclude [44], the parties' submissions,[1] and the applicable law, the Court finds that the Motion [44] should be DENIED.

### BACKGROUND

On March 22, 2023, Plaintiff filed this lawsuit against Defendant Sanderson Farms, LLC (Processing Division) after she was injured when she slipped and fell at Defendant's poultry plant in Laurel, Mississippi.[2]  In support of her claims, Plaintiff sought individuals who may review the case and, if applicable, tender an expert report.

On or about September 28, 2023, Plaintiff's counsel contacted Clyde Payne and discussed the instant case to perhaps seek Payne's expert opinion for use in this matter.  Payne

---

[1] Plaintiff filed the Instant Motion [44] on April 1, 2024; Defendant responded on April 15, 2024.  Plaintiff's reply was due April 22, 2024.  *See* L.U. Civ. R. 7(b)(4) ("Counsel for movant desiring to file a rebuttal may do so within seven days after the service of the respondent's response and memorandum brief.").  Plaintiff did not file a reply, nor did she request additional time to do so.

[2] Plaintiff filed this lawsuit in the Circuit Court of Jones County on November 7, 2022, and Defendant removed this action to this Court on March 22, 2023.  *See* Notice of Removal [1].

declined to serve as an expert for Plaintiff due to his prior relationship with Defendant.  Then, on February 9, 2024, Defendant designated Payne as a retained expert.  *See* [37].

Plaintiff now seeks to exclude Payne as Defendant's expert.  Plaintiff claims that Payne's involvement in this case violates "Fed. R. Civ. P. 26(b)(4)(B)"[3] and that Payne obtained "potentially" confidential information regarding Plaintiff's theories of the case during their September 2023 phone call.  [44] at 2.

Defendant disagrees and claims that the interview between Plaintiff and Payne lasted less than ten minutes,[4] did not include the review of any documents, and that no confidential relationship was formed.  Moreover, Defendant argues that the Motion to Exclude [44] should be denied as untimely pursuant to Local Rule 7(b)(2)(C).[5]

## ANALYSIS

"Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial."  Fed. R. Civ. P. 26(b)(4)(D).

Plaintiff argues that Payne's involvement violates this rule, even though Plaintiff admits that she did not retain Payne as an expert.  Plaintiff suggests that a single phone call between her counsel and Payne created a scenario where "enough information had been exchanged to

---

[3] Plaintiff cites to Fed. R. Civ. P. 26(b)(4)(B) but quotes directly from Fed. R. Civ. P. 26(b)(4)(D).

[4] *See* Affidavit of Clyde Payne [47-1].

[5] If construed as a "discovery motion," the Motion to Strike [44] is untimely under L.U. Civ. R. 7(b)(2)(C) as the Motion [44] was filed on April 1, 2024—well beyond the February 15, 2024, discovery deadline.  *See* Case Management Order [7].  However, the Court will address the merits of the Motion [44].

preclude 'unreasonable access to an opposing party's trial preparation.'"  [45] at 3 (internal citation omitted).  Plaintiff, therefore, requests that Payne be excluded as Defendant's expert.

Federal courts have the inherent power to disqualify experts when necessary.  *Koch Refin. Co. v Boudreaux*, 85 F.3d 1178, 1181 (5th Cir. 1996).  The Fifth Circuit has articulated a two-part test for determining whether an expert or consultant should be disqualified: (1) whether the opposing party had a confidential relationship with the expert; and (2) whether the opposing party disclosed confidential or privileged information relevant to the instant case to the expert. *Id*.  The party seeking disqualification bears the burden of proving these elements, and only if both prongs are met should the expert be disqualified.  *Id*.

**Did a confidential relationship exist?**

The relationship between Plaintiff's counsel and Payne was short-lived, lasting only the duration of a single phone call.  Plaintiff and Defendant contest whether any confidential relationship was formed during the conversation.  Plaintiff claims that the answer is a "resounding 'yes'" and cites to the fact that Payne conducted a "conflict check" before discussing the case with Plaintiff's counsel.  [45] at 4.  Defendant argues to the contrary noting that Payne "clearly communicated to Plaintiff's counsel during this one phone call that he would not agree to act as a retained expert for Plaintiff."  [48] at 5.

Though the caselaw is limited as to this issue, the Court finds that the seminal case of *Mayer v. Dell* is instructive.  139 F.R.D. 1 (D.C. 1991).  In *Mayer*, an individual CPA had a single meeting with the plaintiff's attorney to discuss the case but was never retained as an expert, performed no work for the plaintiff, received no fee from the plaintiff, received no correspondence from the plaintiff other than the Complaint, was never asked to sign a confidentiality agreement, and, notably, was never asked by plaintiff for a commitment that he

3

not be retained by the defendant. *Id*. at 2. Thereafter, the CPA was engaged by the defendant as an expert, and the plaintiff sought to disqualify the CPA from the case. *Id*.

The *Mayer* Court held that the sole meeting between the CPA and plaintiff's counsel was insufficient to satisfy the requirement that a confidential relationship existed. *Id*. Thus, the court concluded that the meeting was a mere consultation only to determine whether the CPA should be retained. *Id*. at 2-3.

This Court has previously applied *Mayer* and held that such consultations do not implicate the formation of a confidential relationship. *See Young v. S. Cal Transp. Inc.*, 2010 WL 916665, at *6 (S.D. Miss. Mar. 10, 2010). Other district courts agree. *See Procter & Gamble Co. v. Haugen*, 184 F.R.D. 410, 413 (D. Utah 1999); *Fisher v. Sw. Bell Tel. Co*., 2009 WL 414040, at *4 (N.D. Okla. Feb. 18, 2009); *Mays v. Reassure Am. Life Ins. Co*., 293 F. Supp. 2d 954, 956-57 (E.D. Ark. 2003).

Here, Plaintiff has not demonstrated that any agreement was reached between her counsel and Payne. In fact, Plaintiff admits that Payne was not retained as an expert, and she does not suggest that any confidentiality agreement was signed. *See* [45] at 3. Plaintiff also does not claim that she requested for Payne to agree that he not be retained by Defendant. Moreover, Plaintiff has not suggested that any documents were shared or signed. Plaintiff only assumed that "Mr. Payne was going to 'sit this one out[.]'" *Id*.

The conversation between Payne and Plaintiff's counsel can be best characterized as a consultation to determine whether Payne should be retained as an expert; he was not. Such consultations "do not meet the requirement for the formation of a confidential relationship." *Young*, 2010 WL 916665, at *6. Accordingly, the Court is not convinced that a confidential relationship existed between Plaintiff's counsel and Payne.

**Did Payne have access to confidential or privileged information?**

Plaintiff's counsel contends that he shared Plaintiff's "theories of the case and other confidential information[]" with Payne during their conversation.  [45] at 4.  Defendant maintains that no confidential information was shared and that "no documents [were] provided[.]"  [48] at 5.  Again, *Mayer* is enlightening.

In *Mayer*, the plaintiff seeking disqualification claimed that it had discussed with the defendant expert its "strategy in the litigation, the kinds of experts [plaintiff] expected to retain, plaintiff's view of the strengths and weaknesses of each side," the experts to be hired, and the anticipated defenses.  *Mayer*, 139 F.R.D. at 4.  Those discussions did not effectively constitute the sharing of confidential or privileged information but created only a "flow of information that was essentially technical."  *Young*, 2010 WL 916665, at *6 (quoting *Mayer*, 139 F.R.D. at 4) (internal citations omitted)).

Likewise, Plaintiff claims that her counsel "spoke openly about the case, his assessment of strengths and weaknesses, what needed to be proven, and legal strategies."  [45] at 2. However, Plaintiff does not describe exactly what information was shared.  Seeking to disqualify Payne, Plaintiff must identify "specific and unambiguous disclosures that if revealed would prejudice [Plaintiff]."  *Young*, 2010 WL 916665, at *6 (citing *Mays*, 293 F. Supp. 2d at 957); *see also Koch*, 85 F.3d at 1181 (quoting *Mayer*, 139 F.R.D. at 4).  Plaintiff has not argued that any confidential documents were shared, nor has she outlined exactly what information was shared that she believes to be confidential in this "slip and fall" case.

Based on the limited record before the Court, the Court cannot conclude that Plaintiff's counsel formed a confidential relationship with Payne, nor can the Court conclude that any

confidential information was disclosed to Payne based upon Plaintiff's vague and conclusory statements.

IT IS, THEREFORE, ORDERED that the Motion to Exclude Testimony of Defendant Expert, Clyde Payne [44] is DENIED.

SO ORDERED, this the 25th day of April, 2024.

s/Michael T. Parker
United States Magistrate Judge